HHN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUBEN DUNKIN (#R-72470), | ) |
| Plaintiff, | ) |
| v. | ) No. 09 C 3460 |
| | ) Hon. John W. Darrah |
| SHERIFF TOM DART, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by failing to protect him from an assault by fellow detainees and by wrongfully placing him in disciplinary segregation following the attack. This matter is before the court for ruling on the defendants' motion to dismiss the amended complaint for failure to state a claim. For the reasons stated in this order, the motion is granted.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place."

*Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 550 U.S. at 56355 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Norfleet v. Vale*, No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.*, 550 U.S. at 555. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## FACTS

The plaintiff, currently a state prisoner, was a pretrial detainee at the Cook County Correctional Center at all times relevant to this lawsuit. Defendants John Manos, Michael Figliulo, and Nicholas Montour are correctional officers at the jail. Defendant Salvador Godinez is the jail's director. Defendant Tom Dart was the Sheriff of Cook County at the time of the events giving rise to this lawsuit. [Three additional defendants have not been served to date, and therefore have not joined the motion. Alias summonses were issued on March 10, 2010; however, the Marshal has not yet filed returns of service.]

The plaintiff alleges the following facts, which must be accepted true for purposes of the motion to dismiss: On May 8, 2008, the plaintiff and fellow detainees exited their housing unit for their scheduled hour of recreation in the facility's gymnasium. All detainees must pass through a standing metal detector and submit to a hand-held metal detector before entering the gym. Figliulo, Montour, and Manos were responsible for the security process on the date in question.

Once inside the gymnasium, the plaintiff and his cellmate (Brooks) went to the washroom before beginning their normal exercise routine. Shortly after the two inmates entered the restroom, several other detainees rushed into the room and attacked the plaintiff and Brooks. The plaintiff was "beaten, stomped, kicked and punched, then dragged outside the restroom," where the assault continued. The plaintiff was stabbed with an ice pick and lost consciousness. The assailants had evidently managed to smuggle ice picks and shanks into the gym despite the presence of metal detectors. No officers were present during the attack.

When the plaintiff awoke, he was questioned by officers, including Manos, and then taken to the infirmary for medical attention. While the plaintiff was waiting to be taken to an

3

outside hospital, an officer informed him that a note had been found on the person of one of his assailants. The note purportedly ordered members of an unspecified gang to attack the plaintiff and Brooks.

The plaintiff was transported by ambulance to an outside hospital, where he received sutures over his eyebrow, as well as treatment for a broken nose and severe facial swelling. X-rays were taken to assess possible injuries to his skull and spine.

When the plaintiff returned to the jail the next day, he received a disciplinary report charging him with fighting. The issuing officer (Evans, one of the unserved defendants) had charged the plaintiff with fighting. The plaintiff believes that Evans authored the disciplinary report to cover up the fact that he had not been at his post when the attack occurred. Defendants Montour and Manos ordered that the plaintiff be placed in disciplinary segregation while he awaited a hearing. The plaintiff remained in segregation for eight days, while his assailants spent only three days in segregation. Although a hearing was held and the plaintiff was released from segregation, he was never informed of the disciplinary board's decision.

The plaintiff learned during an interview with an internal affairs investigator that the gang leader who had ordered the attack (Madville) was responsible for previous gang-ordered beatings. Apparently, Brooks had been the intended target, and the plaintiff a collateral victim. The plaintiff maintains that Dart and Godinez took no action to curb Madville's "violent reign."

On June 26, 2008, the plaintiff was transferred back to the division where the attack had taken place. Defendants Pierce and Anderson were responsible for the transfer. An officer questioned Pierce about the transfer, but Pierce declined to consider the potential danger to the plaintiff. Because the plaintiff saw detainees on the tier who he thought were affiliated with the gang that had attacked him, he twice told an unidentified sergeant that he was in danger and

needed to be moved to another unit. Detainees who witnessed the plaintiff talking to the sergeant began harassing him.

On July 6, 2008, the plaintiff was again attacked in the shower. The plaintiff's nose was re-broken during the assault. The same inmates had attacked the plaintiff's former cellmate, Brooks, just days before the plaintiff was transferred back to that division. Neither assailant was punished, and defendant Pierce refused to press criminal charges against the plaintiff's assailants.

## DISCUSSION

Even accepting the plaintiff's factual allegations as true, the amended complaint does not articulate colorable causes of action under 42 U.S.C. § 1983 against the movants. Although the plaintiff may have a tenable Fourteenth Amendment claim against the officers who failed to protect him from the second attack, the served defendants are entitled to dismissal.

I. The Plaintiff's Failure to Protect Claim

A. The First Alleged Attack

In response to the defendants' motion to dismiss, the plaintiff has specifically denied asserting any failure-to-protect claim against defendants Montour and Manos. (*See* Opposing brief at p. 11.) Only defendants Figliulo, Dart, and Godinez are sued in connection with the first alleged assault. Neither correctional officers nor supervisory officials can be held liable for the first attack under the facts alleged.

As the defendants concede, the Constitution imposes on jail officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). In order to state a Fourteenth Amendment claim,

Plaintiff must allege that: (1) he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Id.*

The first prong of a failure to protect claim–considered the objective prong–requires a plaintiff to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Brown*, 398 F.3d at 911. To satisfy this prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Id.* "When [Seventh Circuit] cases speak of a 'substantial risk' that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to particular detainees who pose a 'heightened risk of assault to the plaintiff.' " *Brown*, 398 F.3d at 911. This general definition of "substantial risk" includes, of course, "risks so great that they are almost certain to materialize if nothing is done." *Id.*

In order to satisfy the subjective prong, a plaintiff must show that the defendant acted with deliberate indifference to the substantial risk of serious harm. *Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913. The defendant "must both be aware of the facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913; *Riccardo*, 375 F.3d at 525. The subjective prong has two subparts: (a) knowledge of the risk, *Brown* at 913, and (b) a disregard of that risk. *Id.* at 916. Although this is a subjective test, it may be proven through circumstantial evidence. *Farmer*, 511 U.S. at 842 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways,

6

including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.") (internal citation omitted). The relevant inquiry is whether correctional officials actually knew about the danger that the plaintiff faced, not whether a reasonable official should have known. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

Even viewing the facts in the light most favorable to the plaintiff, the amended complaint does not support an inference that correctional officials acted with deliberate indifference to a substantial risk of known harm. It is undisputed that the plaintiff never expressed any concerns for his safety; indeed, he evidently was not even the intended target of his alleged assailants. Actual knowledge cannot be imputed to a prison official if the plaintiff himself was unaware of a specific threat. *Guzman v. Sheahan*, 495 F.3d 852, 857-58 (7th Cir. 2007).

The mere presence of a vicious gang leader and other dangerous persons in the plaintiff's environs is not, alone, enough to create an objectively serious risk of harm. Regrettably, "[p]risoners are dangerous (that's why many are confined in the first place). . . . Some level of brutality and sexual aggression among them is inevitable no matter what the guards do." *Birch v. Jones*, No. 02 C 2094, 2003 WL 21210107, *3 (N.D. Ill. May 21, 2003) (Bucklo, J.), quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991). "[A]n unfortunate random act of violence in a prison . . . does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 519 (7th Cir. 2002).

> Guards have no control over the temperament of the inmates they supervise, the design of the prisons, the placement of the prisoners, and the ratio of staff to inmates. Some level of brutality and sexual aggression among them is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing

7

constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in Estelle and its offspring.

*McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991), overruled on other grounds by *Farmer*, supra, 511 U.S. at 836-37.

The plaintiff's contentions that metal detectors were ineffective, that there was inadequate security presence, that the area lacked cameras, and that supervisory officials "fail[ed] to establish ways to deal with conditions they knew about or should have known about, which amounted to policies and conditions at the jail that are dangerous to all detainees," *see* Amended Complaint, p. 5, are insufficient grounds for liability. The plaintiff's conclusory assertions aside, the amended complaint does not suggest dangers so pervasive as to render the defendants liable for the random attack.

In sum, the amended complaint provides no basis for liability with regard to the sudden, unexpected attack by prisoners not known to be the plaintiff's enemies. A generalized possibility of jail violence, rather than a specific risk of serious harm, does not implicate the Fourteenth Amendment. The plaintiff has no sustainable cause of action with respect to the first attack. Accordingly, Tom Dart, Salvador Godinez, and Michael Figliulo are dismissed as defendants pursuant to Fed. R. Civ. P. 12(b)(6).

B. The Second Attack

The second attack on the plaintiff after he was placed in the same unit is not the subject of the motion to dismiss. Regarding the alleged July 6, 2008 attack, the defendants allegedly responsible for acting with deliberate indifference to the plaintiff's safety, Anderson and Pierce,

have not yet been served and did not join the motion to dismiss. Consequently, this order does not address whether the plaintiff has a viable cause of action against Anderson and Pierce relating to the second alleged attack.

II. The Plaintiff's Wrongful Discipline Claim

The plaintiff has no actionable claim against Montour, Evans, or Manos regarding the allegedly fabricated disciplinary report.

The plaintiff had no right to remain in the general population prior to the disciplinary hearing; administrative detention of a pretrial detainee while he is awaiting a hearing is constitutionally permissible. "Due process permits an arrest without a previous hearing because it is dangerous to allow a person who the police have probable cause to believe has committed a crime to roam at large while awaiting a hearing. It is equally dangerous to allow a prisoner who the guards have probable cause to believe has violated a disciplinary rule to roam at large in the general jail population." *Holly v. Woolfolk*, 415 F.3d 678, 681 (7th Cir. 2005). The hearing the plaintiff subsequently received was all the process that was due him.

Because the plaintiff was not afforded a hearing, he has no cause of action against the issuing officer, Evans, even if the disciplinary charge was fabricated. "[A] person held in confinement as a pretrial detainee may not be subjected to any form of punishment for the crime for which he is charged." *Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Nevertheless, a person lawfully detained in pretrial confinement because there is probable cause to believe that he has committed a crime is subject to certain restrictions on his liberty. *Id.* at 1003. "The government also has legitimate interests that stem from its need to manage the facility in which the individual is detained." *Rapier*, 172 F.3d at 1003, *quoting Bell*, 441 U.S. at 540. Thus, a pretrial detainee can be

9

punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Although correctional officials have "considerable leeway" to punish a pretrial detainee for misconduct committed while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of due process. *Rapier*, 172 F.3d at 1004-1005.

Here, there is no allegation that the plaintiff was denied due process. He was afforded a hearing and discharged from the segregation unit after the hearing was held (presumably because he was found not guilty, although he received no written summary). Because the charge was dismissed, it is irrelevant whether the underlying charge was false. The hearing on the charge was the process due to determine the legitimacy of the disciplinary report. Accordingly, the plaintiff's due process claim against defendants Evans, Montour, and Manos is dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [#57] is granted. The plaintiff's claim relating to the first alleged attack, as well his claim of false discipline, are dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, John Manos, Nicholas Montour, Tom Dart, Salvador Godinez, Officer Evans, and Michael Figliulo (the defendants named in connection with those claims) are dismissed. The plaintiff may proceed only on his claim against defendants Anderson and Pierce relating to the second alleged attack.

Dated: September 2, 2010

JOHN W. DARRAH
United States District Court Judge